IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> HUGHES ELEVATOR CAB CO., INC., <br><br> Defendant. | CIVIL ACTION <br><br> No. 05-3704 |

**MEMORANDUM OPINION**

     Before the court are plaintiffs' Motion for Entry of Final Judgment and Motion for Attorney's Fees and Costs. *See* Docket No. 29 (filed Feb. 4, 2009).[1]  To date, defendant has filed no response to these motions.  For the reasons that follow, I will grant the plaintiffs' motions by default.

**I.  FACTUAL BACKGROUND**[2]

     Plaintiffs are the trustees of multi-employer employee benefit plans – the National Elevator Industry Pension, Health Benefit, Educational Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("NEI Trust Funds") – as that term is defined by the

---

[1] These two separate motions have apparently been docketed in a single entry.

[2] Defendant has not answered any of plaintiffs' filings in this case, including the complaint.  Accordingly, I state the facts as culled from the affidavits and other documents filed on plaintiffs' behalf.

Employee Retirement Income Security Act ("ERISA"), Pub. L. 93-406.  Defendant Hughes Elevator Cab Co., Inc. ("Hughes") is a corporation transacting business in the elevator industry.

Plaintiffs and defendant entered into a collective bargaining agreement (the "CBA") establishing the terms and conditions of employment for defendant's employees.  Affidavit of Robert O. Betts, Jr. ("Betts Affidavit") at ¶ 2 (Docket No. 29, filed February 4, 2009).  Under the CBA, Hughes must file monthly reporting forms indicating the number of hours worked by its employees and must then pay a corresponding contribution to the NEI Trust Funds.  *Id.* at ¶ 5.  Hughes filed these monthly report forms, indicating the exact amount of contributions due, during all the months between and including April 2004 and January 2005.  *Id.* at ¶ 5; "Miscellaneous Assessment Report" (Docket No. 29 Exh. A, filed Feb. 4, 2009).  However, Hughes failed to pay the reported charges, which amount to §32,577.87.  Betts Affidavit at ¶ 7.

Interest for the unpaid contributions, calculated on the outstanding balance on the sixteenth of each month according to the Internal Revenue Service rate in effect during each month that a delinquency exists, amounts to $11,205.69.  *Id.* at ¶¶ 8-9.  Pursuant to the terms of the Agreements and Declarations of Trust of the NEI Trust Funds (the "Agreements"), defendant is obligated to pay liquidated damages of 20% of the unpaid monthly contributions, which amounts to $6,515.57.  *Id.* at ¶ 10.  Pursuant to those same Agreements, defendant is obligated to pay all necessary costs incurred by the Funds, including Attorneys' fees.

Plaintiffs' attorney Robert Curley, a partner with the law firm of O'Donoghue & O'Donoghue, has submitted an affidavit in support of plaintiffs' attorney's fees motion.  *See* Curley Affidavit (Docket No. 29, filed Feb. 4, 2009).  In that affidavit, Curley declares that, in 63 hours of work, his firm incurred total costs of $13,319.50.  *Id.* at ¶ 9.[3]

## II. PROCEDURAL HISTORY

On February 1, 2006, I entered an order granting plaintiffs' Praecipe for Entry of Judgment By Default.  *See* Docket No. 7.  In that order, I directed Hughes to "fully cooperate with Plaintiffs' Auditor" and held that "Plaintiffs shall be entitled to receive any delinquent contributions uncovered by the ensuing audit, as well as attorney's fees, liquidated damages and costs, pursuant to 29 U.S.C. § 1132(g)."  *Id.* at 2.  The parties were instructed to "return to this court for entry of an order specifying the amount, if any, to be paid by the Defendants to the Plaintiffs."  *Id.*

---

[3] The $13,319.50 sum accounts for the $250.00 filing fee; a $115.00 charge for "Special Process Server"; and $12,954.50 in attorney's fees.  Curley Affidavit at ¶ 8.  Curley has attached to his affidavit a detailed report of the time and billing rate spent on this matter.  O'Donoghue & O'Donoghue billed plaintiffs at a rate of $95.00/hour for paralegal work and between $175.00/hour and $215.00/hour for attorney work.  *Id.* at ¶ 7.

On March 17, 2006, plaintiffs moved this court for an Order to Show Cause Why Defendant Should Not be Held in Contempt of Court on the ground that defendant had not complied with the auditor's requests. *See* Docket No. 8. On January 30, 2007, I entered the requested order to show cause. *See* Docket No. 9. At a hearing held on March 13, 2008, I again directed defendant to comply with the audit, and the parties stated agreement, on the record in open court, that the audit would be conducted on April 17, 2008 and April 23, 2008.

Subsequent to that hearing, defendant's counsel moved this court for permission to withdraw as counsel for the defendant. *See* Docket No. 28 (filed November 19, 2008). In a certification attached to that motion, defendant's counsel Caren Litvin stated that she had "repeatedly requested" that defendant comply with the auditor's requests, but that defendant "failed to respond" to Litvin's requests to comply. *See* Certification of Caren Litvin at ¶ 5.

Plaintiff's auditor, meanwhile, has filed an affidavit with this court explaining that his company "has attempted to conduct an [*sic*] payroll audit of Hughes Elevator" since 2004, but has been unable to because "Jennifer Hughes, the President of Hughes Elevator[,] repeatedly refused to supply information to the Auditors." Affidavit of Daniel A. Winters ¶¶ 5-6 (Docket No. 30, filed July 1, 2009).

In the motions now before this court, plaintiffs request that I enter a final judgment[4] in the amount of $32,577.87 in reported but unpaid benefit contributions, $11,205.69 in interest due on the reported but unpaid benefit contributions, $6,515.57 in liquidated damages, and $13,319.50 in attorney's fees and costs.

## III. LEGAL ANALYSIS

A party is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendant Hughes has failed to answer plaintiffs' complaint, to respond to plaintiffs' motion for a final judgment, and to comply with the court-ordered audit.

To determine whether default judgment is an appropriate remedy, this court should consider the six factors named in *Poulis v. State Farm Fire & Cas. Ins. Co.*, 747 F.2d 863 (3d Cir.1984). Those factors are: (1) the extent of the party's personal responsibility for failure to defend, (2) the extent of any prejudice to the adversary, (3) any history of dilatoriness on the part of the defendant, (4) whether the attorney's conduct was willful or in bad faith, (5) whether alternative sanctions are adequate, and (6) whether the

---

[4] Plaintiffs' motion also requests, in the alternative, a hearing to specify the amounts owed. I am not inclined to conduct a hearing, however, because of the burden it would place on defendant's counsel, who, according to her affidavit, is apparently no longer being compensated for her work on this matter. Moreover, insofar as the amounts requested by plaintiffs appear to be well justified, and given defendant's failure to participate in this court's prior proceedings, a hearing would serve little purpose.

underlying claims or defenses appear to have merit. *Poulis*, 747 F.2d at 868-70. I consider each of these factors in turn.

First, the record before this court suggests that Hughes is indeed personally responsible for its failure to defend. Hughes's counsel, Caren Litvin, has filed a motion to withdraw as counsel for Hughes on the grounds that Hughes has neither heeded counsel's advice nor paid counsel's fees. Hughes has not responded to Litvin's motion. According to the auditor, Daniel A. Winters, Hughes has refused to cooperate with his attempts to carry out the court-ordered audit. Accordingly, I conclude that Hughes – and not Litvin – appears to be personally responsible for the failure to defend against plaintiffs' lawsuit and to comply with this court's order.

Second, plaintiff has been greatly prejudiced by defendant's failure to defend this lawsuit and to comply with this court's order. Defendant's failure to defend has cost plaintiffs a great deal of time, as this case has now lingered for almost four years. More than 40 months have passed since I entered the initial default judgment in this case and first ordered Hughes to comply with the audit. Moreover, Hughes's noncompliance has forced plaintiffs to seek an entry of final judgment without the benefit of an audit that might have uncovered additional funds owed.

Third, defendant's dilatoriness has been consistent throughout the course of this lawsuit. Hughes has not made a single substantive filing in this matter. This court was forced to reschedule defendant's contempt hearing numerous times in order to accommodate defendant.

There has been no evidence of willful conduct on the part of defendant's counsel, and it is apparent that the attorney-client relationship has broken down as a result of defendant's failure to engage in this litigation.[5] Alternative sanctions, meanwhile, would only prolong this lawsuit even further, which is neither fair to plaintiffs nor to this court. Finally, given the documentation of defendant's unpaid contributions presented by plaintiffs, it does not appear that Hughes has a viable defense to plaintiff's claims. Any monetary sanctions, thus, would only exacerbate the financial burden on the defendant.

In sum, none of the *Poulis* factors weighs against entering judgment by default. Thus, for the foregoing reasons, and upon consideration of plaintiffs' motions, I will enter a final default judgment against Hughes and award plaintiffs reasonable attorney's fees and costs.

## IV. AMOUNT OF JUDGMENT

Plaintiffs have brought suit to enforce defendant's delinquent contribution pursuant to 29 U.S.C. § 1132(g). *See* Plaintiff's Motion for Entry of Final Judgment at p.

---

[5] Defendant only retained counsel as of March 3, 2008. *See* Docket No. 23. Counsel promptly appeared at a status conference ten days later. Counsel filed a motion to withdraw on November 19, 2008. *See* Docket No. 28.

3.  29 U.S.C. § 1132(g) provides:

> Attorney's fees and costs; awards in actions involving delinquent contributions
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
>> (A) the unpaid contributions,
>>
>> (B) interest on the unpaid contributions,
>>
>> (C) an amount equal to the greater of--
>>
>>> (i) interest on the unpaid contributions, or
>>>
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate.

The amounts requested by plaintiffs appear to be accurately calculated. However, plaintiffs have requested that this court award *both* interest on the unpaid contributions *and* liquidated damages, rather than "an amount equal to the greater of" those two sums as contemplated by § 1132(g)(2)(C). Although I am also free to award "such other legal or equitable relief" as I deem appropriate according to § 1132(g)(2)(E), plaintiffs have made no showing as to why I should depart from the clearer instruction provided by § 1132(g)(2)(C). Accordingly, I will award plaintiffs §32,577.87 in unpaid contributions, $11,205.69 in interest on the unpaid contributions, and $13,319.50 in attorney's fees and costs. An appropriate order follows.